THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
 
 
 

v.

 
 
 
Anthony Bradford Martin, Appellant.
 
 
 

Appeal From Richland County
L. Henry McKellar, Circuit Court Judge

Unpublished Opinion No. 2004-UP-096
Submitted December 23, 2003  Filed 
 February 13, 2004

AFFIRMED

 
 
 
Deputy Chief Attorney General Joseph L. Savitz, III, Office 
 of Appellate Defense, of Columbia, for Appellant,
Attorney General Henry D. McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, 
 Assistant Attorney General S. Creighton Waters, all of Columbia; and Solicitor 
 Warren Blair Giese, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Martin appeals his conviction 
 for murder, arguing the circuit court erred in failing to let him testify at 
 his competency hearing.  We affirm.
FACTS/PROCEDURAL HISTORY
In July 1998, Martin was indicted for murdering 
 his girlfriend.  
A two-day competency hearing was conducted in September 
 1999.  During the hearing, the State offered expert testimony from psychiatrist 
 Steven Shea and forensic psychologist Pamela Crawford, both of whom had examined 
 Martin and opined that he was competent to stand trial but was malingering.  
 Martin offered expert testimony from psychiatrist John Howard DeWitt, who opined 
 that Martin was not competent to stand trial.  The circuit court subsequently 
 ruled that Martin was competent to stand trial.
At the beginning of Martins December 1999 trial, 
 his attorney argued that Martins condition had worsened since his September 
 1999 competency hearing, rendering him incompetent to stand trial.  The circuit 
 court then conducted a second competency hearing, during which Dr. DeWitt again 
 testified that Martin was incompetent to stand trial.  
Following Dr. DeWitts testimony, Martins attorney 
 called Martin to testify.  However, Judge McKellar refused to allow Martin to 
 testify, explaining that Martin did not have the right to take the stand and 
 tell us in a competency hearing that hes not competent to stand trial.  After 
 a bench conference, Martins attorney attempted to make an offer of proof.  
 The circuit court refused, explaining that its decision regarding Martins competency 
 must be based on expert testimony.  It also suggested that Martins attempt 
 to have Martin testify was a delaying tactic.  The State brought no witnesses, 
 but instead rested on the expert testimony it provided during the first hearing.  
 
At the conclusion of the second competency hearing, 
 the circuit court concluded that Martin was competent to stand trial.  A jury 
 trial followed, culminating in Martins conviction for murder.  This appeal 
 follows.
STANDARD OF REVIEW
The admission of evidence is within 
 the circuit judges discretion and will not be disturbed on appeal absent abuse 
 of that discretion.  State v. Slocumb, 336 S.C. 619, 626-27, 521 S.E.2d 
 507, 511 (Ct. App. 1996).  An abuse of discretion occurs when the circuit judges 
 decision is unsupported by the evidence or controlled by an error of law.   
 State v. Lopez, 352 S.C. 373, 378, 574 S.E.2d 210, 212 (2002).
LAW/ANALYSIS
Martin contends that the circuit court erred in 
 refusing to allow him to testify at his own incompetency hearing on the basis 
 that Martins testimony would be biased.  However, we find nothing in the 
 record suggesting bias was a concern of the circuit court, much less a basis 
 for its refusal to permit Martin to testify.  Instead, we find the circuit court 
 based its ruling on concerns for avoiding a delay tactic and obtaining evidence 
 cumulative to that provided by Martins own expert witness.  Martins 
 attorney sought Martins testimony not to introduce new evidence, but rather 
 to allow the circuit court to have firsthand knowledge  on Anthony Martins 
 response or lack of responses to those same questions [posed by the experts].  
 (emphasis added).  Martins attorney noted the circuit court would be better 
 served by allowing Martins testimony.
While we tend to agree with Martins attorney, 
 we are not inclined to find, on this record, an abuse of discretion in refusing 
 Martins testimony.  The circuit court had conducted two competency hearings.  
 The judge observed, Ive heard from Dr. Dewitt twice, Ive heard from Dr. Crawford 
 and Dr. Shea  I kept real good notes. And to me, it would make no sense whatsoever 
 for you to put your defendant on the stand, for him to do the same thing hes 
 done to your psychiatrist for the last year, to convince me hes not competent 
 to stand trial .  (emphasis added).  Under those circumstances, where 
 the proposed testimony was merely to provide the circuit court with a firsthand 
 observation of Martins responses to the same questions posed by the various 
 experts, we find that the circuit court acted within its broad discretion in 
 refusing the testimony.
Martins final assignment of error is the claim 
 that the circuit court held that its decision regarding competence could only 
 be based on expert testimony.  It is true that the circuit court initially provided 
 its rationale for refusing to permit Martins testimony on this basis, but the 
 circuit court subsequently acknowledged that the determination of competency 
 is not confined to expert testimony. Martins attorney stated, Expert testimony 
 is not the only testimony his Honor can consider for purposes of determining 
 whether or not a defendant is competent to stand trial and the circuit court 
 responded:  I know.  (emphasis added).  Martin, in essence, assigns 
 a holding to the circuit court that the circuit court rejected.  The circuit 
 court acknowledged that a competency determination is not limited to 
 expert testimony, but declined Martins testimony for the reasons discussed 
 above.  Thus, this ground provides no basis for relief.
CONCLUSION
For the forgoing reasons, the decision of the circuit court 
 is
AFFIRMED.
GOOLSBY, HOWARD and KITTREDGE, JJ., concur.